# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Kevin Lindberg,

          Plaintiff,

v.

Mayo Clinic Health System; Dr. Richard Eduardo RePass; Dr. Robin Miller; Dr. Paul Reitman; Joshua Minser; Dr. Acharya; State of Minnesota; and Mike Goblish,

          Defendants.

Case No. 20-CV-853-JRT-KMM

**REPORT AND RECOMMENDATION**

      Plaintiff Kevin Lindberg was ordered civilly detained by the Minnesota courts. Lindberg was detained at a medical facility operated by the Mayo Clinic Health System ("Mayo Clinic"), where he was forcibly medicated. Mr. Lindberg now brings this action against the State of Minnesota, the Mayo Clinic, and several doctors of the Mayo Clinic seeking relief under federal law for malpractice.

      Mr. Lindberg did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. After review of the IFP application, this Court concludes that Mr. Lindberg qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam)

("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Lindberg, citing 38 U.S.C. § 7316, raises only a single claim for relief expressly in his complaint — medical malpractice. Section 7316, however, is not a generalized medical-malpractice statute. Rather, § 7316 provides that the exclusive remedy for claims of medical malpractice committed by a health care employee of the federal government is through a claim brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). But. Mr. Lindberg has not brought claims or raised allegations against any federal employee; his claims solely concern the State of Minnesota, a private entity (the Mayo Clinic), and individual defendants employed by the private entity.

Accordingly, § 7316 does not apply to Mr. Lindberg's claims, and those claims should be dismissed with prejudice.[1]

That Mr. Lindberg cannot raise a claim of medical malpractice against the defendants under *federal* law does not mean that he cannot present a colorable claim under state law.  This Court, however, lacks original jurisdiction over any claims brought by Mr. Lindberg under state law in this proceeding.  Such claims, unlike the not-viable claim under § 7316 and the Federal Tort Claims Act, do not present a federal question of law sufficient to invoke 28 U.S.C. § 1331 as a basis for jurisdiction.  Moreover, neither has Mr. Lindberg pleaded the citizenship of the parties and thus has not established that jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a) is present here (in any event, both Mr. Lindberg and many, if not all, of the defendants appear to be citizens of Minnesota).  The Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial.  *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).  Accordingly, any state-law claims should be dismissed without

---

[1] Although not raised expressly in the complaint, Mr. Lindberg's pleading may also be liberally interpreted as bringing claims under 42 U.S.C. § 1983 for violations of Mr. Lindberg's constitutional rights.  Read in the context of the state-court order attached as an exhibit to the complaint, however, it is clear that any claims under § 1983 would amount to an attack on the validity of the civil commitment itself, not the manner in which the commitment was carried out.  For example, Mr. Lindberg objects that he was not a substantial harm or danger to others and should not have been required to take certain medication as a condition of release.  Such claims are barred by the doctrine set out in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *See McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) ("[T]he principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence.) (citing cases).

prejudice for lack of jurisdiction; Mr. Lindberg may raise those claims in separate proceedings brought in state court.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED under 28 U.S.C. § 1915(e)(2)(B), as follows:

   a. The claim for relief of plaintiff Kevin Lindberg arising under 38 U.S.C. § 7316 be DISMISSED WITH PREJUDICE.

   b. All other claims be DISMISSED WITHOUT PREJUDICE.

2. Mr. Lindberg's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Date:  April 15, 2020

    s/ *Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).